**MARTIN, Plaintiff-Appellee, v. MARTIN, Defendant-Appellant.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 21491.   Decided December 19, 1949.

H. W. Kiser, for plaintiff-appellee.
Beach & Warner, Cleveland, for defendant-appellant.

## OPINION

By HURD, J:

This is an appeal on questions of law from the Court of Common Pleas of Cuyahoga County from a judgment rendered in favor of plaintiff on a motion filed by the defendant November 10, 1948, approximately five years after the final decree of divorce and alimony had been entered in favor of the plaintiff.

By the motion, the defendant made the following request:

"(1) For an order clarifying, construing and enforcing the prior orders of this court herein as relates to alimony and support of minor child, said prior orders having been entered on or about October 27, 1943, and on or about December 3, 1946, and to declare and determine what, if any, obligations this defendant may have thereunder for the present and future, and (2) For appropriate order or orders relative to funds deposited by him with the Clerk of this Court incident to appeal to the Court of Appeals, No. 21234 therein, wherein said Court of Appeals on or about October 25, 1948, affirmed the order of this court."

Acting on this motion the Common Pleas Court on March 31, 1949, found in part as follows:

"The funds deposited with the Clerk of this Court in lieu of appeal bond under a prior order is equal to the balance of payments due plaintiff as alimony to November 1, 1948, and said appeal having been fully determined in favor of the plaintiff she is entitled to said funds."

Included in the same order is the following:

"Defendant agreed to pay to the plaintiff for alimony and division of property, a lump sum out of which plaintiff agreed to support the minor children of the parties. Payments on the lump sum must be made monthly by the defendant to the plaintiff in aggregate amounts equal to 28.095 percent of his annual income as shown by certified copy of his income tax return as filed, submitted to plaintiff's attorney, but in no event greater than $150.00 per month, nor less than the amount specified by the last order of the court or subsequent agreement of the parties, unless defendant shows reduced income through no fault of his own to a point where 28.095 percent thereof would be less than the amount of such order or agreed monthly payment. Such adjustment as may be further necessary in compliance with the above formula shall be made concurrently with the submission to plaintiff's attorney of the income tax return for the next preceding year as a self-regulating rule, jurisdiction being reserved by the agreement for determination by the court of any dispute relating to the cause of such reduced income which may reflect upon the right to further reduction of monthly payments by the defendant.

The court further finds that the income of the defendant has been reduced through no fault of his own below $4,700.00 per year, and that from and after November 1, 1948, he is entitled to some reduction of the amount of his monthly payments.

IT IS THEREFORE HEREBY ORDERED, ADJUDGED AND DECREED, that the remaining balance of funds deposited with the Clerk of Court in lieu of appeal bond under prior proceedings herein, be released and paid over to the plaintiff; that the portion of the agreement of the parties on which issue has been joined in this proceeding, be and hereby is construed in accordance with the findings of this court; that from and after the first day of November, 1948, monthly payments of the defendant shall be reduced to $80,00 per

month subject to adjustment in accordance with the construction of the contract herein determined with reference thereto; that the defendant shall pay the costs of this proceeding for which judgment shall be entered and execution may issue."

A motion for new trial having been overruled April 4, 1949, the defendant appealed to this Court, the following being the assignments of error:

1. The judgment of the trial court is contrary to law.

2. The trial court was without jurisdiction to enter said judgment.

3. The judgment of the trial court is contrary to the undisputed evidence.

4. Said trial court erred in holding that the approved agreement provided for a lump sum award for alimony and support of minor child.

5. Said trial court erred in overruling defendant's motion for new trial.

6. Said trial court erred in failing to find specifically as to defendant's income as requested.

To insure a clear understanding of the issues presented on this appeal, we deem it advisable to detail in chronological sequence some of the entries heretofore made in this case.

The parties will be designated herein as plaintiff and defendant respectively, as they appeared in the trial court.

On the 27th day of October, 1943, Mary L. Martin, the plaintiff, was granted a decree of divorce from Ray C. Martin, on the grounds of gross neglect of duty. At that time provisions were made for alimony and the support of Lois Ann, then aged 16 years, and Mary Lou, then aged 11 years, the issue of said marriage—the custody of whom was granted exclusively to plaintiff, with right of visitation by the defendant.

While service was made by publication upon defendant, then and now residing in the vicinity of Washington, D. C., the court found that the parties had entered into an agreement for permanent alimony for the plaintiff, out of which she was to provide for the necessary support, care, education and maintenance of the minor children.

The Court incorporated the agreement of the parties into the decree, the part which is germane to the present discussion being in language as follows:

"The husband shall and will pay to the Wife a sum equal to One Hundred and Fifty Dollars ($150.00) per month for a period from date hereof to the date when the said younger

child would reach the age of twenty-one years, payable at the rate of One Hundred Fifty Dollars ($150.00) per month so long as the husband's income reasonably permits such payments. In the event that the husband's income shall be so reduced that the said monthly payments shall be an unreasonable proportion of the husband's annual income, through no fault of his own, then the amount of said monthly payments shall be reduced to a sum to be determined by agreement of the parties hereto, or, if no such agreement can be reached between the parties, then by decree of the court having the original jurisdiction of the subject matter hereof. The wife shall and will provide out of said sum for the necessary support, care, education and maintenance of the said two minor children of the parties during minority and consequent dependency."

It was specifically provided by the agreement embodied into the decree that all rights or claims for settlement of property, right of dower, alimony, both temporary and permanent, the care and support of the minor children, and all rights or claims arising out of or in any wise incident to the marriage contract of the parties which either of them might have or claim to have against each other, or in and to the property of each other, were thereby settled, adjusted, released and forever discharged.

Thereafter, on October 29, 1946, the defendant having failed to make payments in accordance with the decree, plaintiff filed a motion for an order against the defendant to show cause why he should not be adjudged in contempt of court for failure to comply with the court order for the support, maintenance and care of herself and her two minor children, and on November 29, 1946, the defendant filed a motion to modify the original decree. Thereafter on March 1, 1947, the court made an entry effective as of December 1, 1946, approving an agreement to amend the original agreement in part. The journal entry in respect thereof provides in part as follows:

"The court further finds that the parties herein have agreed to change the original 'Agreement' of the parties as reflected in the journal entry herein, in the following respects: that the defendant is entitled, by reason of his reduced income, to have his monthly payments reduced from One Hundred and Fifty Dollars ($150.00) per month to One Hundred and Ten Dollars ($110.00) per month, commencing

as of December 1, 1946 and continuing until further order of court, or the agreement of the parties herein; that the defendant shall submit to the counsel for the plaintiff a certified copy of his income tax return as filed by him from year to year during the period of time this agreement is in effect; that in the event defendant's income increases or decreases from his present income of Four Thousand Seven Hundred Dollars ($4,700.00) then said allowance of One Hundred Ten Dollars ($110.00) shall be increased or decreased proportionately, provided, however, that said total amount of monthly payments to be made by the defendant shall at no time exceed One Hundred and Fifty Dollars ($150.00) per month and provided further, **that all other terms and conditions of the original Agreement and Journal Entry shall remain in full force and effect.**" (Emphasis ours.)

In June, 1947, the defendant having stopped all payments under the original and amended decrees, the plaintiff filed a complaint under the provisions of §13008 GC and the defendant was indicted by the Grand Jury of Cuyahoga County for neglect of and failure to support a minor child of the parties. Thereafter, he was arraigned in the criminal division of said court on May 13, 1948, and entered a plea of "not guilty."

Contemporaneously with his arraignment, and while the charge of neglect was pending in the criminal division the defendant filed a motion in the civil branch of common pleas court to modify the decree entered on March 1, 1947 (which was effective as of Dec. 1, 1946) to reduce the amount of payments because of alleged changed conditions. Thereupon the motion came on to be heard by the court on June 16, 1948 and an order was entered in part as follows:

"The court further finds that, on motion of the defendant said installments were reduced by agreement incorporated into an order of the court from $150.00 to $110.00 per month on December 3, 1946; that all installments were duly made in accordance with the order of the court to and including the month of June, 1947; that defendant has paid nothing thereon since that date and one child, still a minor at the time of this hearing, has been without any support from the defendant for approximately one year last past; that there has accrued in unpaid installments to and including the installment for the month of June, 1948, an aggregate sum of $1320.00 under the modification order of Dec. 3, 1946, and by reason thereof defendant is not entitled to any fur-

ther modification by way of reduction of installments during the continuance of said default. It is therefore ordered, adjudged and decreed that defendant's motion be and hereby is dismissed."

Whereupon a motion for new trial having been overruled, an appeal was perfected to this court which affirmed the judgment of the common pleas court in all respects, on October 25, 1948.

Considering first that part of the order above quoted, holding that the plaintiff is entitled to the funds on deposit with the Clerk of Courts, it is the judgment of this Court that the judgment of the Common Pleas Court having been affirmed by this court on a prior appeal from a motion to modify and to show cause, by our entry of October 25, 1948, the balance of payments due plaintiff as alimony to plaintiff on November 1, 1948, now on deposit with the Clerk of Courts shall be forthwith paid to plaintiff in accordance with the prior order of the court of common pleas as previously affirmed by this court, and that this matter cannot properly be the subject of appeal in this proceeding.

Our prior affirmance in October, 1948, of this part of the judgment of the trial court makes it "res adjudicata." There is no point in, or reason for affirming our prior affirmance. The debt is fixed, the money is on deposit for its payment under order of court. It should be paid without further delay. As to this part of the court order this appeal should be and is dismissed.

We shall next consider the claim that the court erred in finding that the defendant agreed to pay to plaintiff for alimony and division of property "a lump sum" out of which plaintiff agreed to support the minor children of the parties. It is clear that the original agreement provided for the payment by the husband of a **sum equal to $150.00 per month for a period from date of the agreement** (March 9, 1943) **to the date when the younger child would reach the age of twenty-one years.** There seems to be no ambiguity contained in this provision. In express terms, it fixes the amount for which the husband shall ultimately be liable. In other words, the parties by their own agreement, measured or fixed the extent of the defendant's liability. The husband was thereby released from all claims of any kind or nature arising or growing out of the marriage contract. True, the amount of the monthly payments was subject to variance, contingent upon conditions, but the total obligation is certain. In such cases, where the court has formally approved

the agreement of the parties as part of its decree, the court is without jurisdiction to alter or change the terms at the instance of one party over the objection of the other. Therefore, we find no error prejudicial to the rights of the defendant in respect of this finding and decree of the trial court.

We now come to a consideration of the finding that payments "must be made by defendant in aggregate amount equal to 28.095 percent of his annual income." While there appears to be no specific assignment of error relating to this provision, we find no support for the fixing of an arbitrary ratio or mathematical formula in either the original agreement or the amendment thereto. While the entry of March 1, 1947, effective as of Dec. 1, 1946, uses the term "proportionately" placing a limitation of a maximum monthly payment at $150.00, it does not fix an exact ratio or formula and contains the provision "that all other terms and conditions of the original agreement and journal entry shall remain in full force and effect." From this we conclude that the following provision of the original agreement is still in full force and effect:

"In the event that the husband's income shall be so reduced that the said monthly payments shall be an unreasonable proportion of the husband's annual income, through no fault of his own, then the amount of said monthly payments shall be reduced to a sum to be determined by agreement of the parties hereto, or, if no such agreement can be reached between the parties, then, by decree of the court having the original jurisdiction of the subject matter hereof."

Indeed the record indicates the parties placed this same construction upon their agreement. This is indicated both by their conduct and likewise by their testimony.

The next question for consideration is the finding of the court to the effect that "the income of the defendant has been reduced through no fault of his own, from $4700.00 per year, and that from and after November 1, 1948, he is entitled to some reduction of the amount of his monthly payment" and the consequent reduction by the court of the payments to $80.00 per month.

From an examination of the record, the various decrees and modifications thereof, we are of the opinion that in any application for modification the burden is upon the defendant to show that he is unable to make monthly payments in

the original sum of $150.00 per month, or the reduced sum of $110.00 per month, through no fault of his own. If this is shown by the defendant, and if the parties are unable to agree upon the reduced amount of the monthly payments, then the court having original jurisdiction of the subject matter shall determine the amount.

Our examination of the record in this case confirms us in the view indicated by the trial court to the effect that the defendant, having remarried, has acquired "a new interest and is trying as much as he can, as far as the law will let him, to forget his past obligations." The record is quite clear that while the defendant was claiming ill health, he was unwilling to have a doctor examine him and testify in the case and was also unwilling to permit the court to select a doctor to examine him and report to the court and at one point in the record, under questioning by the court, the defendant admitted that his health was good.

The record is clear that no progress was made after the defendant ceased making payments until an indictment was returned by the grand jury for failure to support a minor child at which time it appears that in order to escape the consequences of criminal prosecution, he deposited with the court a sum sufficient to provide for support for a limited time, pending hearing on his motion to modify and thereafter when the criminal proceedings were dismissed, sought by another application to be relieved of the burdens of the prior orders entered by agreement.

Neither is the record of his conduct convincing in respect of his efforts to obtain employment. There is an apparent effort, as disclosed by the record, to avoid and if possible be exonerated from his obligations. On this phase of the matter we find no error on the part of the trial court in fixing a reduced sum in the amount of $80.00 per month, until further order of the court.

We cannot say we are entirely in accord with the finding of the trial court that his income has been reduced from the sum of $4700.00 per year through no fault of his own, based upon our examination of this record, but we are of the opinion that this finding is not prejudicial to the rights of the defendant and we conclude that a reduction in payments from the original sum agreed upon of $150.00 per month to a sum agreed upon of $110.00 a month, and then to a sum of $80.00 per month as fixed by the court, when the parties were unable to agree, is not unreasonable or prejudicial in the light of the evidence shown by the record.

In this hearing the trial court was required to weigh the evidence for and against the defendant's claims, and it was

entirely within the discretion of the court to believe or not to believe all or any part of the testimony of the parties and their witnesses in reaching a conclusion and judgment upon the issues. The court likewise was free to consider all of the facts and circumstances, together with the conduct of the parties as indicated by the history of the case. In so doing it was not within the province of the trial court to make a new agreement for the parties. It is our conclusion that with the one exception herein noted, there was ample evidence to support the findings and judgment of the trial court.

The defendant assigns as a ground of error that upon his oral request the trial court failed to make a specific finding as to the amount of his income. There is no warrant or authority in law to require the court to make such a finding of fact which is peculiarly within the knowledge of the defendant himself. Further the evasiveness and equivocation of the defendant as shown by the record would justify the trial court in disregarding his entire testimony on this subject. Furthermore, we find no authority, statutory or otherwise, for an application for an order "clarifying, construing and enforcing prior orders" particularly where the application is made some five years after the term in which the decree is rendered.

Therefore we find no error in the failure of the trial court to make a specific finding in respect of defendant's income in the particular hearing now under review.

In conclusion, therefore, we dismiss the appeal insofar as it relates to the order requiring the Clerk of Courts to deliver to plaintiff the sum now on deposit under the earlier order of the court, later affirmed by this court, on the ground that this issue was decided favorably to plaintiff by our entry of affirmance of October 25, 1948.

The judgment is modified insofar as it fixes an arbitrary formula of monthly payments at 28.095 percent of defendant's income, as we hold that the parties are relegated to their original agreement in respect of monthly payments. In all other respects the judgment is affirmed. Exceptions noted. Order see journal.

SKEEL, PJ, McNAMEE, J, concur.